UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Allah Burman

v.                                    Case No. 21-cv-245-PB

Robert Hazelwood, Warden,
Federal Correctional Institution
Berlin, New Hampshire

### REPORT AND RECOMMENDATION

Allah Burman, who is proceeding pro se and is an inmate at the Federal Correctional Institution, Berlin, New Hampshire ("FCI Berlin"), has filed a petition for a writ of habeas corpus, challenging the validity of his conviction and sentence, imposed pursuant to a federal prosecution in the District of Maryland.  See United States v. Burman, Criminal No. L-01-0115 (D. Md.).  The petition is before this court for preliminary review, to determine whether Burman's claims are facially valid and may proceed.[1]  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); Rule 4 of Rules Governing Section 2255 Cases; LR 4.3(d)(4)(A).  Burman also filed a motion pursuant to 28 U.S.C. § 2243 (Doc. No. 3).

---

[1] Burman does not cite a statutory basis for his petition, which was initially designated as a petition under 28 U.S.C. § 2241.

Background

Burman was convicted on January 29, 2003, on charges of
possessing cocaine with intent to distribute in violation of 18
U.S.C. § 841(a)(1) and conspiring to distribute cocaine in
violation of 18 U.S.C. § 846. Burman v. United States, 2009 WL
2366573, at *1 (D. Md. July 29, 2009). He was sentenced to a
term of imprisonment of 360 months to be followed by 10 years of
supervised release. Id. He appealed his conviction and
sentence. His conviction was affirmed, while his sentence was
vacated and the case was remanded for resentencing under United
States v. Booker, 543 U.S. 220 (2005). Id.

He was resentenced on May 17, 2006, with an amended
judgment of 360 months on each conviction, to be served
concurrently, and to be followed by 10 years of supervised
release. Id. He filed a notice of appeal, and the Fourth
Circuit affirmed his conviction and sentence. United States v.
Burman, 225 F. App'x 198 (4th Cir. 2007).

Thereafter, Burman filed successive motions for habeas
corpus relief under 28 U.S.C. § 2255. By 2011, Burman had filed
eight motions under § 2255, all of which had been denied.
Burman v. Perdue, 2015 WL 1588069, at *1 (N.D. W.Va. Apr. 9,
2015). In each case, the court denied a certificate of
appealability. Id. In 2014, Burman filed a petition under
§ 2241 in the Northern District of West Virginia, where he was
incarcerated, which the court found to be inappropriate because

he again challenged the validity of his sentence.  <u>Id.</u> at *3.
The petition was denied, and the case was dismissed.  <u>Id.</u>  That
decision was affirmed on appeal.  <u>Burman v. Perdue</u>, 680 F. App'x
221 (4th Cir. 2017).

On September 28, 2020, Burman filed a petition for habeas
corpus relief in this court.  <u>Burman v. United States</u>, 20-cv-
982-JD.  In that petition, Burman challenged disciplinary
proceedings at FCI Berlin (New Hampshire) that lead to him
losing more than one year of his good conduct credit.  <u>Id.</u>, doc.
no. 1.  Although Burman did not identify the statutory basis for
his petition, it was construed as a petition under § 2241.

Burman filed "Ex Parte Petition for Writ of Habeas Corpus"
in that case on March 19, 2021.  In the new petition, Burman
reiterated the grounds for habeas relief that he alleged in his
original petition but also added different allegations and
claims.  The Ex Parte Petition for Writ of Habeas Corpus was
docketed as a separate case to address the new claims that
Burman raised.  <u>Burman v. United States</u>, 21-cv-245-PB.

In the new claims raised in the Ex Parte Petition for Writ
of Habeas Corpus, Burman alleges that he was arrested on May 22,
2001, for violating a condition of release rule and suggests
that that incident was improperly considered for purposes of
sentencing.  He alleges that he is in custody "by direction and
findings of Timothy Johnson, United States Probation Officer,
for an alleged – mandatory release condition—violation."  He

alleges that he was not given notice of the violation, was not given a hearing, and was not informed of the decision made by the board.

He challenges his conviction on drug charges on the ground that he "does not Come within the Class of Persons whom the Controlled Substance Act was created for – Practitioners, Physicians, dentists, veterinarians, scientific investigators, Pharmacies, hospitals, or other Persons licensed or register. See, 21 U.S.C. 802 number (21)." He contends that his conviction, therefore, is null and void ab initio.

On May 12, 2021, Burman filed a motion pursuant to 28 U.S.C. § 2243 to require the warden to respond to his petition. He argues that the warden should be required to respond within three days and that a hearing on his petition should be held within five days. He further argues that the procedure he requests is necessary so that he can be released from detention.

Discussion

I. Preliminary Review of the Petition

Under Rule 4 (Governing Section 2254 and 2255 Cases), the court must examine a petition for habeas corpus relief. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) (Rules Governing Section 2255 Cases). Therefore, the court must

dismiss the petition if it appears to be legally insufficient on its face.  McFarland v. Scott, 512 U.S. 849, 856 (1994). Because of Burman's pro se status, the court construes his petition liberally.  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

### A.   Which Statute Applies

As is noted above, Burman did not designate a statutory basis for his petition.  In general, a federal prisoner who challenges the validity or length of his sentence (or the conviction that lead to his sentence) must file a petition under § 2255 in the sentencing court.  Goncalves v. Spaulding, 470 F. Supp. 3d 69. 71-72 (D. Mass. 2020).  On the other hand, a petition under § 2241 generally addresses the execution or manner in which the sentence is served and must be brought in the district where the prisoner is detained.  Id. at 72.

In this case, Burman is challenging the validity of his conviction and sentence.  Therefore, ordinarily he would have to proceed under § 2255 in the court where he was sentenced, which is the District of Maryland.

### B.   Savings Clause

A narrow exception to the general rule applies under the savings clause, § 2255(e), when § 2255 "is inadequate or ineffective to test the legality of his detention."  That rare situation occurs "only when, in a particular case, the configuration of section 2255 is such as to deny a convicted

5

defendant <u>any</u> opportunity for judicial rectification." <u>Trenkler</u> <u>v. United States</u>, 536 F.3d 85, 99 (1st Cir. 2008); <u>see also,</u> <u>e.g.</u>, <u>Ham v. Breckon</u>, 994 F.3d 682, 684-85 (4th Cir. 2021).  The savings clause does not provide jurisdiction to consider claims under § 2241, however, to avoid the bar under § 2255 for second or successive petitions.  <u>Id.</u> at 98; <u>United States v. Barrett</u>, 178 F.3d 34, 50-52 (1st Cir. 1999).

A petitioner may challenge the validity of his conviction through the savings clause when an intervening change in the law, which is retroactive, applies to the petitioner's case so that under the new law he is actually innocent.  <u>McCormick v.</u> <u>Butler</u>, 977 F.3d 521, 525 (7th Cir. 2020); <u>see also</u> <u>Trenkler</u>, 536 F.3d at 99 ("Most courts have required a credible allegation of actual innocence to access the savings clause."); <u>In re</u> <u>Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997)</u> (savings clause jurisdiction exists in circumstances where intervening change in the law decriminalized conduct underlying petitioner's conviction, and he had no other opportunity to pursue his claim).  In other words, the savings clause is available for petitioners asserting statutory claims based on new binding precedent, previously unavailable to them, that narrows the scope of a criminal statute in a manner that would have rendered them not guilty of criminal conduct.  See <u>Sustache-Rivera v.</u> <u>United States, 221 F.3d 8, 16 n.14 (1st Cir. 2000)</u>.

As is provided in the background section, Burman has had
many opportunities to challenge the validity of his conviction
and sentence and has filed multiple petitions under § 2255.  See
§ 2255(h).  Nothing in this case suggests that the savings
clause would apply here to allow Burman to proceed under § 2241.
Burman provides no credible basis to find that he is actually
innocent.[2]  His challenge to his sentence is based on the
revocation of his release in 2001, which he contends was
considered for sentencing.  That issue is not based on a new
legal standard, previously unavailable to Burman.

    C.  Jurisdiction

This court lacks jurisdiction to consider Burman's petition
under § 2255.  § 2255(e).  As provided above, § 2255(e) does not
provide a basis for Burman to proceed under § 2241.  Therefore,
the petition should be dismissed for lack of jurisdiction.

II.  Motion under § 2243

Burman asks the court to order the warden's response to his
petition and to hold a hearing on the petition.  The court lacks
jurisdiction to consider his petition.  Section § 2243 does not
apply in the circumstances of this case.  Therefore, the motion
should be denied.

---

[2] Burman's claim based on 21 U.S.C. § 802(21) is frivolous.
That provision merely defines the term "practitioner" as used in
the Controlled Substances Act and does not exclude Burman from
the coverage of the Act, as he contends.

## Conclusion

For the foregoing reasons, the district judge should: 1) dismiss Burman's petition (Doc. No. 1) due to a lack of jurisdiction, without prejudice to Burman's ability to seek permission in the Fourth Circuit to file a successive § 2255 motion in the District of Maryland, and 2) deny the motion for relief under § 2243(Doc. No. 3).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. Santos-Santos v. Torres Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

May 20, 2021

cc:  Allah Burman, pro se